UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-114 |
| ARMSTEAD KIEFFER | SECTION "B"(1) |

### ORDER AND REASONS

Before the Court are defendant's "Motion for a Writ of Mandamus" (Rec. Doc. 219) and the government's opposition (Rec. Doc. 221). For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 219) is **DENIED**.

### FACTS OF THE CASE AND PROCEDURAL HISTORY

Defendant Armstead Kieffer ("Kieffer"), alongside his co-defendant and father Jerome Kieffer and a third man, were charged for crimes arising from a 2015 armed robbery of an armed truck servicing a Chase Bank ATM and a 2017 attempted robbery of an armed truck servicing a Campus Federal Credit Union ATM. Rec. Doc. 218 at 3. After a five-day trial, a jury convicted Armstead Kieffer of conspiracy to commit bank robbery, attempted armed bank robbery resulting in death, causing death through making use of a firearm, making a false statement to a grand jury, and possession of a firearm by a felon. *Id.*

On March 22, 2019, Kieffer appealed the judgment against him, arguing, among other things, that the evidence did not support his conviction. Rec. Doc. 174. On March 19, 2021, the Fifth Circuit

1

affirmed this Court's judgment. Rec. Doc. 218; *see United States v. Kieffer*, 991 F.3d 630 (5th Cir. 2021).

Kieffer presently seeks to file a petition for a writ of certiorari to the United States Supreme Court. Rec. Doc. 219 at 1. Before he does so, Kieffer moves for a writ of mandamus, requesting that the United States Attorney's Office provide him with a copy of the Federal Deposit Insurance Corporation (FDIC) certificate.[1] *Id.* To show that the certificate exists and is within the government's possession, Kieffer attaches excerpts from the trial transcript, wherein the government and this Court discussed that the parties' stipulations containing "the FDIC component." *See generally* Rec. Doc. 219-1.

Under 18 U.S.C. § 2113, the government is required to prove that the deposits of the injured bank were insured by the Federal Deposit Insurance Corporation. *See* 18 U.S.C. § 2113(f). During Kieffer's trial, the FDIC certificate was not physically presented to the jury because the parties stipulated that the deposits contained in both ATMs were federally insured at the time of the incidents. Rec. Doc. 219-1 at 1, 3; *see* Rec. Doc. 221-1 at 2.

In its opposition, the government argues that the actual certificates and testimony related to the ATM deposits were not

---

[1] While Kieffer requests production of the "FDIC certificate," it is unclear whether he is referring to Chase or Campus Federal Credit Union's insurance certificate. *See* Rec Doc. 219 at 1. Regardless, this distinction will not affect our ultimate decision.

part of the trial record because the parties' stipulations obviated the need for such evidence. Rec. Doc. 221 at 1. Moreover, the government emphasizes that Kieffer and his trial attorney signed the stipulations, agreeing that the facts therein were true and need not be proven. *Id.* at 3.

**LAW AND ANALYSIS**

In seeking a writ of mandamus, the petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *U.S. v. Pedroza*, 211 F.3d 593 (5th Cir. 2000)(per curiam). "Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987); *Kerr v. U.S. Dist. Court for Northern Dist. Of California*, 426 U.S. 394, 402 (1976).

If this Court does not order the government to produce the FDIC certificate, Kieffer argues that his right to challenge his conviction before the Supreme Court would be impaired. Rec. Doc. 219 at 3. However, the record clearly shows the parties expressly stipulated to the "federally insured" element of Section 2113 in lieu of presenting evidence to the jury in that regard. Thus, the FDIC certificate was neither submitted to this Court nor presented to the jury at trial.

Upon affirming the judgment against Kieffer, the Fifth Circuit noted that any sufficiency challenge to evidence related to this element would be unsuccessful:

> The convictions in this case under § 2113(a), (d), and (e) and § 2 for attempting to rob the Campus Federal Credit Union require, in part, establishment that the Campus Federal Credit Union was federally insured as per § 2113(g). Here, the parties stipulated that the Campus Federal Credit Union was federally insured; accordingly, there was sufficient evidence on that point.

*Kieffer*, 991 F.3d at 637, n. 6. The *Kieffer* court cited its prior decision in *Abbott*, which held that the district court reasonably relied on the parties' stipulation to testimony regarding the bank's federal insurance, even if the defendant did not necessarily stipulate to the truth of the testimony. *United States v. Abbott*, 265 F.App'x 307, 309-10 (5th Cir. 2008).

Here, the stipulations in dispute indicated that both Jerome Kieffer and Armstead Kieffer agreed that the facts contained therein were true, including:

> At the time of the October 11, 2015 robbery, JP Morgan Chase Bank, located at 1425 North Broad Street in New Orleans, Louisiana, had deposits insured by the Federal Deposit Insurance Corporation.
>
> At the time of the May 31, 2017 armed robbery, Campus Federal Credit Union, located at 2200 Tulane Avenue in New Orleans, Louisiana, had deposits insured by the National Credit Union Administration Board.

Rec. Doc. 221-1 at 2.

As explicitly set forth by the parties, the stipulations absolved the government of its burden in proving such facts beyond

a reasonable doubt at trial. *Id.* As such, the stipulations were read aloud to the jury without objection by Kieffer and his attorney. Rec. Doc. 221 at 3. Since the jury relied on the parties' stipulations in its determination of guilt, Kieffer fails to establish a "clear right" to production of certificates that were never physically presented at trial. Thus, because these documents were never part of the record on appeal, denying mandamus would not impair Kieffer's petition to the Supreme Court.

We also decline to consider Kieffer's "secondary argument", wherein he suggests that his trial and appellate attorneys' failure to disclose the certificate was "deliberate." Rec. Doc. 219 at 4. This argument appears to be an ineffective assistance of counsel claim viewed raised here as a 28 U. S. C. § 2255 motion. As such, the § 2255 motion is dismissed as premature because it is raised during the pendency of a direct appeal and related petition to the Supreme Court. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

New Orleans, Louisiana, this 3rd day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE