UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-114 |
| ARMSTEAD KIEFFER | SECTION: "B" |

## ORDER & REASONS

Before the Court are defendant Armstead Kieffer's motion to vacate, set aside, or correct sentence (Rec. Doc. 260), the government's opposition (Rec. Doc. 266), and defendant's response to the government's opposition (Rec. Doc. 268).[1] For the following reasons,

**IT IS ORDERED** that defendant Armstead Kieffer's motion to vacate, set aside, or correct sentence is **DENIED WITH PREJUDICE.**

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant Armstead Kieffer, alongside his co-defendant and son Jerome Kieffer and a third man, Deltoine Scott, were charged for crimes arising from a 2015 armed robbery of an armed truck servicing a Chase Bank ATM and a 2017 attempted robbery of an armed truck servicing a Campus Federal Credit Union ATM. *See* Rec. Doc. 40 at 2–3. After a five-day trial, a jury convicted Armstead Kieffer of the following counts: (1) conspiracy to commit bank robbery; (4) attempted armed bank robbery resulting in death, and aiding and abetting; (5) use of a firearm during a violent crime causing death that is murder, and aiding and abetting; (8) making a false declaration before a grand jury; and (9) felon in possession of a firearm. *See* Rec. Doc. 129. Defendant was sentenced to life imprisonment as to counts four and five, 60 months as to counts

---

[1] Notably, Armstead Kieffer and his son Jerome Kieffer argue substantially the same grounds for relief. *See* Rec. Docs. 262, 269 (Jerome Kieffer's motion).

1

one and eight, and 120 months as to count nine. Rec. Doc. 178 at 2. All terms of imprisonment are to be served concurrently. *Id.*

On March 22, 2019, Armstead Kieffer appealed the judgment against him, arguing in part, that the evidence did not support his conviction. *See* Rec. Doc. 174. On March 19, 2021, the Fifth Circuit affirmed this Court's judgment. Rec. Doc. 218; *see also United States v. Kieffer*, 991 F.3d 630 (5th Cir. 2021).

On April 12, 2021, Armstead Kieffer filed a petition for a writ of mandamus, requesting that the United States Attorney's Office provide him with a copy of the Federal Deposit Corporation (FDIC) certificate. Rec. Doc. 219 at 1. This Court denied defendant's motion because Armstead Kieffer and his attorney stipulated to the existence of the FDIC insurance at trial. Rec. Doc. 225 at 4. The Fifth Circuit affirmed this Court's judgment. Rec. Doc. 251. On May 2, 2022, the Supreme Court of the United States denied Armstead Kieffer's petition for a writ of certiorari from the denial of his writ of mandamus. Rec. Doc. 252.

On April 11, 2023, Armstead Kieffer filed this instant *pro se* motion to vacate, set aside, or correct sentence. Rec. Doc. 260. The government filed its opposition on June 5, 2023. Rec. Doc. 266. On July 20, 2023, defendant filed his response to the government's opposition. Rec. Doc. 268. Defendant now requests this Court dismiss the entire indictment or, in the alternative, vacate and set aside counts 4, 5, 8, and 9, on the grounds that defendant's counsel was ineffective, and recent case law no longer supports a conviction of attempted armed bank robbery as a crime of violence. *See* Rec. Doc. 260 at 4–19, 23.

II.  **LAW AND ANALYSIS**

   A. **Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence, when (1) the sentence violated federal law or the United States Constitution, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeded the maximum allowed by law, or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

### B. Timeliness of Section 2255 Claims

A motion to vacate, set aside, or correct sentence must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For purposes of a Section 2255 motion, a conviction becomes final when a defendant has no further opportunity for direct review. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Here, defendant maintains that the one-year statute of limitations should begin the date defendant's writ of certiorari was denied on his writ of mandamus. Rec. Doc. 268 at 5–6. However, a conviction becomes final according to the opportunity for direct review, not collateral issues. *See Clay v. United States*, 537 U.S. 522, 527–28 (2003). The writ of mandamus motion in this case is a collateral issue and, therefore, cannot be used to signify the start of the statute of limitations.

In this case, all defendant's claims except one are untimely, and thus he is not entitled to relief. Defendant's conviction was entered on March 20, 2019, and defendant filed his notice of appeal on March 22, 2019. Rec. Doc. 178; Rec. Doc. 174. The Fifth Circuit affirmed this Court's judgment on April 12, 2021. Rec. Doc. 218. Whereas a petition for a writ of certiorari to the Supreme Court must be filed within ninety days after the circuit court enters the judgment, here,

defendant did not appeal to the Supreme Court; therefore, the judgment became final on July 11, 2021, ninety days after the denial of his direct appeal. *See Clay*, 537 U.S. at 525. At that time, defendant had no further opportunity for direct review and the one-year statute of limitations for filing a Section 2255 motion began to run. *See* 28 U.S.C. § 2255(f). Nevertheless, defendant did not file his Section 2255 motion until April 11, 2023, nine months after his deadline, and thus defendant's motion is time barred by the one-year statute of limitations. Rec. Doc. 260.

Defendant further asserts that on August 5, 2021, the Supreme Court returned defendant's petition for writ of certiorari because the case was still pending in the Fifth Circuit. *See* Rec. Doc. 268 at 1–2. Defendant maintains this was an "exceptional circumstance beyond his control" and his petition should be considered timely. *Id.* at 2–3. However, this Court finds that petitioner is not entitled to tolling of the one-year statute of limitations. The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The Fifth Circuit has held that equitable tolling is only available in "rare and exceptional circumstances." *Id.* at 811; *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). A petitioner is entitled to such tolling when they are "actively misled" or "prevented in some extraordinary way from asserting [their] rights." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). "[A] 'garden variety claim of excusable neglect' does not support equitable tolling." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In this case, defendant's claim that the Supreme Court's return of his petition for writs on a *collateral* issue rather than a direct appeal does not entitle him to equitable tolling of the one-year statute of limitations. This is not a "rare and exceptional" situation, but rather a "garden

4

variety" failure to file a timely request for relief. *See Johnson*, 158 F.3d at 811; *Rashidi*, 96 F.3d at 128. Defendant offers no other authority that would entitle him to equitable tolling. The one-year statute of limitations did not toll, and thus the petition for post-conviction relief is barred. *See* 28 U.S.C. § 2255(f).

### C. Attempted Armed Robbery is a Crime of Violence

Whereas defendant's remaining *Taylor* claim is not barred by the statute of limitations, the Court finds defendant's argument unpersuasive. 28 U.S.C. § 2255(f)(3) allows a petition to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *United States v. Taylor* was decide on June 21, 2022, recognized a new right, and was made retroactive. *United States v. Taylor*, 142 S. Ct. 2015 (2022). Therefore, defendant had until June 21, 2023 to file this specific claim in his Section 2255 petition. Defendant's petition was filed on April 11, 2023; thus his *Taylor* claim in ground seven is timely. *See* Rec. Doc. 260.

18 U.S.C. § 924(c) states that any person who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime possesses a firearm" faces enhanced penalties. 18 U.S.C. § 924(c). In *United States v. Davis*, the Supreme Court held one of the statute's definitions of "crime of violence" was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019). As a result, a federal felony then only qualified as a "crime of violence" under Section 924(c) if it satisfies the statute's remaining definition. In other words, the crime "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A). To determine whether a felony meets that definition, courts employ a categorical approach, asking only "whether the federal felony at issue always requires the government to

prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

Applying the categorical approach, *Taylor* concluded that a conviction for attempted robbery in violation of the Hobbs Act cannot serve as a predicate for a conviction under Section 924(c) because it does not constitute a "crime of violence." *Id.* To meet that definition, *Taylor* held the offense must require proof—as an element of the offense—of the use, attempted use, or threatened use of force. *Id.* Attempted Hobbs Act robbery only requires a substantial step toward completing such a robbery. *Id.* The Supreme Court found this element insufficient to constitute a crime of violence. *Id.* at 2020–21.

On remand from the Supreme Court, the Fifth Circuit held that while some attempt offenses are defined similarly to attempted Hobbs Act robbery, "attempted bank robbery is not one of them." *United States v. Taylor*, No. 19-10261, 2023 WL 4118572, at *1 (5th Cir. June 22, 2023), *cert. denied*, 144 S. Ct. 364 (2023). Instead, the Fifth Circuit held that Section 2113(a) defines attempted bank robbery as an offense that necessarily involves the actual use of force of intimidation. *Id.* at *1–2 (citing *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004)). Therefore, the use of force is a necessary element of the offense. The Fifth Circuit concluded that Section 2113(a) remains a crime of violence post-*Taylor*. *Id.* at *2.

Courts in other circuits have similarly held that Section 2113(a) remains a crime of violence in light of *Taylor*. *See Henderson v. United States*, No. 21-11740, 2023 WL 1860515, at *2 (11th Cir. Feb. 9, 2023); *United States v. Spratt*, No. 23-4011, 2023 WL 4108201, at *1 (N.D. Iowa June 21, 2023) ("[U]nlike attempted Hobbs Act robbery, attempted bank robbery requires proof of the use of force or violence in the attempt."); *United States v. Alley*, No. 15-113, 2023 WL 204893, at *1 (D. Minn. Jan. 17, 2023) (D. Minn. Jan. 5, 2023) ("Defendant's arguments fail because the

offenses Defendant pleaded to are not analogous to attempted Hobbs Act robbery. Defendant pleaded guilty to completed armed robbery [18 U.S.C. § 2113(a)], which is categorically a crime of violence."). Section 2113(a) was considered a crime of violence before *United States v. Taylor,* and under *Taylor*'s reasoning, Section 2113(a) remains a crime of violence. *See Bellew*, 369 F.3d at 454.

Therefore, this Court finds that a violation of Section 2113(a) remains a crime of violence post-*Taylor*.

New Orleans, Louisiana, this 5th day of January, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE